IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHALECHA A. BROWN, an individual,

    Plaintiff,

vs.

NATHAN A. SCHWARTZ, P.A.,
a Florida professional association, and
NATHAN A. SCHWARTZ, an individual,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Chalecha A. Brown, an individual, sues Defendants, Nathan A. Schwartz, P.A., a Florida professional association, and Nathan A. Schwartz, an individual, and alleges:

### INTRODUCTION

1.    This is an action for violation of 15 U.S.C. § 1692, *el seq.*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337.

### ALLEGATIONS AS TO PARTIES

3.    At all times material hereto, Plaintiff, Chalecha A. Brown ("Ms. Brown"), is *sui juris* and a resident of Miami-Dade County, Florida.

4.    At all times material hereto, Defendant, Nathan A. Schwartz, P.A., is a Florida professional association doing business in Palm Beach County, Florida ("Collection Law Firm").

4. At all times material hereto. Defendant. Nathan A. Schwartz ("Attorney Schwartz") is *sui juris* and a resident of Palm Beach County, Florida.

5. At all times material hereto. Defendants were engaged in the collection of consumer debts from consumers in the State of Florida.

## FACTUAL ALLEGATIONS

7. In February. 2009. Ms. Brown entered into a retail installment sales contract ("RISC") to finance the purchase of a 2001 Chevrolet Malibu, VIN: 1G1NE52J916228385 ("Vehicle").

8. The RISC was subsequently assigned to Crescent Bank & Trust, N.A. ("Crescent Bank"), for unknown consideration and under unknown terms.

9. In early October, 2011, the Vehicle was repossessed by Crescent Bank without good cause or justification.

10. Subsequent to the repossession of the Vehicle, Crescent Bank retained Defendants for the purpose of collecting monies purportedly owed as and for a deficiency under the RISC.

11. On or about March 7. 2012. Defendants sent or caused to be sent to Ms. Brown correspondence known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies.  ("Attorney Communication").

12. A true and correct copy of the Attorney Communication is attached hereto and incorporated by reference as Exhibit "A."

## ALLEGATIONS OF LAW

13. At all times material hereto, Ms. Brown was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3).

14. At all times material hereto, Crescent Bank was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

15. At all times material hereto, the RISC was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

16. At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

17. 15 U.S.C. §1692g provides, in pertinent part, the following:

Notice of Debts: Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:
(1) The amount of the debt;
(2) The name of the creditor to whom the debt is owed;
(3) A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. The Attorney Communication does not comply with the FDCPA because the letter says "Principal Amount Claimed" of the loan was $ 1,577.81.

19. The principal amount claimed is not the debt, it is only part of the debt; the FDCPA requires statement of the total amount of the debt on the date the letter was sent. *See,*

e.g., *Miller v. McCalla,* 214 F.3d 872 (7th Cir.2000).

20. Therefore, Defendants failed to provide Ms. Brown as a consumer with an effective and non-confusing disclosure with respect to the "amount of debt" as required under 15 U.S.C. §1692g(a)(1) within five (5) days of the initial communication with the consumer.

21. Further, the Attorney Communication does not comply with the FDCPA because the letter fails to inform the consumer that "if the consumer notifies the debt collector ***in writing*** within the thirty day period ... the debt collector will obtain verification of the debt."

22. Therefore, Defendants violated the requirements of 15 U.S.C. §1692g by failing to properly inform Ms. Brown of her right to obtain debt validation in a manner which would not create confusion for the least sophisticated consumer concerning her rights in contravention of 15 U.S.C. §1692g(a)(4).

23. Pursuant to 15 U.S.C. § 1692k, Ms. Brown is entitled to recover statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

**WHEREFORE**, Plaintiff, Chalecha A. Brown, an individual, demands judgment against Defendants, Nathan A. Schwartz, P.A., a Florida professional association, and Nathan A. Schwartz, an individual, for:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

C. Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Chalecha A. Brown, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

**LAW OFFICE OF GONZALEZ ZEPEDA & ASSOCIATES, P.A.**
Attorney for Plaintiff
9400 S. Dadeland Blvd.
Penthouse Five
Miami, FL  33156
Telephone: (305) 670-5885
Fax: (305) 670-5886
E-Mail: service@gzattorneys.com

BY:     s/ Pablo Gonzalez Zepeda
        **PABLO GONZALEZ ZEPEDA**
        Florida Bar No.: 58692